**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215
Attorney appearing:   James M. Sullivan (jsullivan@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>NEW WORLD EVENTS GROUP INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 17-11799 (JLG) |

**MOTION OF PAUL JONES, SPORTS & ENTERTAINMENT**
**TRAVEL, LLC, GARY ROSOFF, AND C.M. EVENTS, INC.**
**FOR APPOINTMENT OF AN EXAMINER PURSUANT**
**TO SECTION 1104(c) OF THE BANKRUPTCY CODE**

TO:   THE HONORABLE JAMES L. GARRITY
      UNITED STATES BANKRUPTCY JUDGE

Paul Jones, Sports & Entertainment Travel, LLC, Gary Rosoff, and C.M. Events, Inc. (collectively, the "Movants"), parties in interest in this chapter 11 case, hereby move for entry of an order directing the appointment of an examiner(s) pursuant to section 1104(c) of title 11 of the United States Code (the "Bankruptcy Code"), and respectfully represent as follows:

**BACKGROUND**

1. New World Events Group Inc. (the "Debtor"), through its court-appointed receiver, filed for relief under chapter 11 of the Bankruptcy Code on June 28, 2017.

2. The Debtor is a direct or indirect partial owner of affiliated entities National Events Holdings, LLC, National Events Intermediate, LLC, National Event Company II, LLC, National Event Company III, LLC, and World Event Group II, LLC (collectively, the "Operating

{11374103:3}

Companies"), each of which filed for relief under chapter 11 of the Bankruptcy Code on June 5, 2017.

3. The Debtor and the Operating Companies were among the vehicles controlled by Jason Nissen ("Nissen") and used by Nissen to perpetrate an alleged multimillion-dollar Ponzi scheme.

4. The Debtor is managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee, examiner, or creditors' committee has been appointed in this case.

6. The Movants are unsecured creditors with substantial claims against the Operating Companies, and believe they have claims against the Debtor as a result of the Ponzi scheme. The Movants are part of an active group of unsecured creditors comprised of former employees, independent contractors, and trade creditors of the Operating Companies who were victims of the fraud perpetrated on them by Nissen and his affiliated companies, including the Debtor.

## RELIEF REQUESTED

7. The Movants request the appointment of an examiner(s) to conduct an investigation of the Debtor, the Operating Companies, and their affiliates, former principal, current management, equity holders, lenders (including but not limited to Falcon Strategic Partners IV LP and FMP Agency Services, LLC (together, "Falcon"), Taly USA Holdings Inc. and SLL USA Holdings, LLC (together, "Taly"), and Hutton Ventures LLC ("Hutton")), directors, creditors, and lienholders, including with respect to the issues identified in (i) the Memorandum of Law in Support of the United States Trustee's Motion for Order Converting These Cases to Cases Under Chapter 7 [Dkt No. 65] (the "Conversion Motion"), and (ii) the Verified Complaint filed in *Taly USA Holdings Inc., et al., v. Jason Nissen, et al.*, Index No.

652865/2017 (Sup. Ct. N.Y. Cnty. June 1, 2017) [Dkt No. 25, Ex. D] (the "State Court Complaint"). The Movants incorporate by reference the factual statements and arguments made in the Conversion Motion and the State Court Complaint, including all attachments and exhibits thereto, to the extent relevant to this Motion.

8. More specifically, the Movants request the appointment of an examiner(s) to investigate, *inter alia*, the following:

- the mechanics of the Ponzi scheme that Nissen allegedly orchestrated through the Debtor and related entities, including whether any other persons or entities were involved in perpetuating the scheme;

- how the proceeds of the fraud were utilized by Nissen, the Debtor, and related entities, including reviewing business records for potential causes of action for fraudulent conveyances and preferences;

- the likelihood that the Debtor could obtain post-petition financing sufficient for reorganization or payment of administrative expenses and other post-petition expenses;

- the relationship between Falcon and the Debtor, the Operating Companies, their former principal, and current management, in light of (i) Falcon's multiple roles as equity holder, largest creditor, and one half of the Operating Companies' Board of Managers, which hired as the Operating Companies' Chief Restructuring Officer a representative of the same firm it had previously hired to conduct an audit of the Operating Companies, and (ii) Falcon's having been told of the alleged Ponzi scheme before it was publicized; and

- the relationship between Taly, Hutton, and the Debtor, the Operating Companies, their former principal, and current management, in light of Taly's and Hutton's roles as major creditors that repeatedly did business with Nissen and affiliates of the Debtor, and Taly's having been told of the alleged Ponzi scheme before it was publicized.

## **GROUNDS FOR RELIEF REQUESTED**

9. Section 1104(c) of the Bankruptcy Code provides:

> If the court does not order the appointment of a trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or

{11374103:3}                                    3

>> irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, if—
>
>> (1) such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; or
>
>> (2) the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.

11 U.S.C. § 1104(c).

10. An examiner should be appointed pursuant to section 1104(c)(1) of the Bankruptcy Code, for substantially the reasons set forth in the Conversion Motion.

11. The appointment of an examiner(s) is particularly necessary at this stage of the Debtor's case, because (i) no creditors' committee has been appointed, and (ii) the Movants have been informed that in the Operating Companies' closely-related chapter 11 cases, other parties in interest will be filing a motion in the coming week including a proposal for modest post-petition financing, but not including any provision for an independent investigation by a party who is not a potential target of such an investigation, despite the Movants having voiced their concern that an independent investigation is necessary.

12. Furthermore, appointment of an examiner is mandatory pursuant to section 1104(c)(2) of the Bankruptcy Code, as a result of the funded debt of Tally and Hutton, which purport to have claims against the Debtor exceeding $16 million.

13. Where the circumstances set forth in section 1104(c)(2) are present, the plain language of the statute requires the appointment of an examiner. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500-01 (6th Cir. 1990); *Loral Stockholders Protective Committee v. Loral Space & Communications Ltd. (In re Loral Space & Communications Ltd.)*, No. 04 Civ. 8645RPP, 2004 WL 2979785, at *5 (S.D.N.Y. Dec. 23, 2004); *In re UAL Corp.*, 307

B.R. 80, 86 (Bankr. N.D. Ill. 2004); *In re The Bible Speaks*, 74 B.R. 511, 514 (Bankr. D. Mass. 1987).

14. While a few courts have declined to appoint an examiner under section 1104(c)(2) of the Bankruptcy Code in extraordinary situations which are not present in this case, notably where the appointment is sought late in the case (*see, e.g.*, *In re Bradlees Stores, Inc.*, 209 B.R. 36, 38 (Bankr. S.D.N.Y. 1997)), the United States District Court here in *Loral Space & Communications,* 2004 WL 2979785 at *3-*5, held that the appointment of an examiner is mandatory if the requirements of Bankruptcy Code section 1104(c)(2) are satisfied; *see also In re Residential Capital, LLC*, 474 B.R. 112, 115-22 (Bankr S.D.N.Y. 2012) (acknowledging that in limited circumstances court may deny appointment of examiner under section 1104(c)(2) despite satisfaction of statutory requirements, but granting appointment where no trustee had been appointed, no plan had been confirmed, and circumstances of debtor's pre- and post-petition conduct warranted investigation).

15. In addition, the proposed order attached hereto directs the examiner(s) to cooperate with other entities investigating the conduct of the Debtor and the Operating Companies, including government agencies, to avoid interference and duplication.

WHEREFORE the Movants request the Court to issue the Order attached hereto appointing an examiner(s) pursuant to section 1104(c) of the Bankruptcy Code and to grant the Movants such other and further relief as is just.

Dated: New York, New York   WINDELS MARX LANE & MITTENDORF, LLP
July 7, 2017   *Attorneys for Movants*

By:   */s/ James M. Sullivan*
James M. Sullivan (jsullivan@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000 / Fax: (212) 262-1215